WRIGHT, J., DISSENTING:
The Sixth Amendment provides that a criminal defendant shall have the right to the "Assistance of Counsel for his defence." U.S. Const. amend. VI. This right includes "the right to effective assistance of counsel," Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and effective assistance "includes the right to representation free from conflicts of interest." Rubin v. Gee, 292 F.3d 396, 401 (4th Cir. 2002) (citing Cuyler v. Sullivan, 446 U.S. 335, 348-50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) ; Wood v. Georgia, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981) ). Section 11 of the Kentucky Constitution also addresses this issue, stating: "[i]n all criminal prosecutions the accused has the right to be heard by himself and counsel...."
As the Supreme Court of the United States noted in Gideon v. Wainwright, "[t]he right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours." 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Today, the majority strips this fundamental right from Dorsey at what this Court has deemed a critical stage of his trial. Commonwealth v. Tigue, 459 S.W.3d 372, 382 (Ky. 2015) ("[A] pre-judgment proceeding at which a defendant seeks to withdraw his guilty plea is a critical stage of the proceedings at which he is entitled to the assistance of counsel.").
*579 The majority makes much ado about the fact that "counsel offered all the assistance he could to help Dorsey accomplish his objective." While I agree that counsel offered Dorsey "all the assistance he could," I do not believe this assistance was adequate. Clearly, while Dorsey's counsel was on the stand giving testimony, it left his client without representation. What the trial judge elicited during his questioning of counsel is immaterial to the violation of Dorsey's fundamental right to counsel at this critical stage of trial. We have no idea what may have come to light had Dorsey been represented during his attorney's testimony.
The United States Supreme Court set out the requirements for an accused to represent himself at trial in Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("In order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits.... Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." (internal citations and quotation marks omitted) ). Here, Dorsey never asked to represent himself-and the trial court conducted no such Faretta colloquy to determine if he was competent to do so. Yet, it left him wholly without counsel at a critical stage of trial.
Denying a defendant representation at a critical stage of trial (such as happened here) results in structural error and cannot be deemed harmless. As this Court recently explained,
the defining feature of a structural error is that it 'affect[s] the framework within which the trial proceeds,' rather than being 'simply an error in the trial process itself.' For the same reason, a structural error 'def[ies] analysis by harmless error standards.' " Weaver v. Massachusetts, --- U.S. ----, 137 S.Ct. 1899, 1907-08, 198 L.Ed.2d 420 (2017) (internal citations omitted).
Commonwealth v. Douglas, 553 S.W.3d 795, 799-800 (Ky. 2018). Therefore, "[s]tructural defects in the constitution of the trial mechanism require automatic reversal." King v. Commonwealth, 374 S.W.3d 281, 295 (Ky. 2012) (internal brackets, citations, and quotation marks omitted). Thus, to the nature of the error, and regardless of the brevity of Dorsey's counsel's testimony, this error requires reversal.
As the United States Supreme Court stated in Gideon:
From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him. A defendant's need for a lawyer is nowhere better stated than in the moving words of Mr. Justice Sutherland in Powell v. Alabama:
'The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible.
*580 He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.' 287 U.S. [45] at 68-69 [53 S.Ct. 55, 77 L.Ed. 158 (1932) ].
372 U.S. 335, 344-45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
Here, Dorsey's right to be heard was rendered "of little avail" when he was denied the right to have conflict-free counsel during his attorney's testimony at a critical stage of his trial. Dorsey lacked "both the skill and knowledge adequately" to elicit testimony from either his attorney or himself at his plea withdrawal hearing. Therefore, I strongly dissent from the majority's affirmance of the Court of Appeals.
Venters, J., joins.